UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No.: 19 CR 383-01 (SHS) |
| vs. | ) | |
| | ) | |
| LORRAINE SHANLEY | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

This memorandum is submitted on behalf of the defendant Lorraine Shanley to aid the Court's review of the Rule 11(c)(1)(C) Plea Agreement reached by the parties. For reasons set forth below, the defense respectfully submits that a sentence of probation with a extensive period of home detention is more than adequate to satisfy the sentencing factors set forth in 18 U.S.C. Section 3553 (a).

1. INTRODUCTION

This case comes to the Court now as a result of of Federal Rule of Criminal Procedure 11(c)(1)(C) agreement between the government and Ms. Shanley.

Ms. Shanley on September 20, 2019 plead guilty to one count of Bank Fraud (Count 1) and six counts of Making and Subscribing to a False Tax Return (Count Three through Eight).

The total offense level pursuant to the Sentencing Guidelines is level 18.

Pursuant to the Sentencing Guidelines, the guideline imprisonment range is 27-33 months.

Pursuant to UNITED STATES V. BOOKER, 125 S.Ct. 738 (2005) United States Sentencing Guideline (USSG) are no longer mandatory but rather advisory. Although the Court must "consult" and "take into account" the guidelines at sentencing, the Court may still impose a more severe or more lenient sentence that that set forth in the guideline ranges. United States v. Crawford, 47 F.3d 1174,

1178 (11 Cir. 2005).

Court must first calculate the guideline range, and then implement its authority to impose a sentence that is less than that range, or more than that range. Id.

All the while, the Court must keep in mind the dictates of 18 U.S.C. Section 3553(a) that requires that "the Court shall impose a sentence sufficient, but no greater than necessary to comply with the purpose set forth in paragraph 2 of that subsection." This so-called parsimony provision has been stamped firmly on the federal sentencing "quilt" by KIMBROUGH V. UNITED STATES, 128 S.Ct 558 (2007).

Booker further directs that the sentencing Court must take into account all the factors that are outlined in 18 U.S.C. Section 3553(a). Among those factors are the nature and circumstances of the offense and the history and characteristics of the Defendant. In addition, it provides that "no limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which the Court may receive for the purpose of imposing an appropriate sentence."

The Supreme Court has been very clear since BOOKER that district courts, though expected to calculate the Guidelines range and use it as a starting point, must not presume that a sentence within that range is reasonable. See Nelson v. United States, 555 U.S. 350 (2009), Gall v. United States, 552 U.S. 38 (2007).

18 U.S.C. Section 3553 (a)

In United States v. Hunt, 459 F.3d 1180, 1182 (11th Cir. 2006), the court summarized the factors that must be considered under 18 U.S.C. Section 3553 (a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established . . .;
(5) any pertinent [Sentencing Commission] policy statement . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

As indicated above and in the pre sentence report, while Lorraine Shanley was a board member of the Survivors of the Shield Inc. (SOS) she improperly obtained $406,851.00 over an eight year period, and used those funds for expenses for her family and herself.

SOS was a charity whose mission was to provide financial support to the widows and children of NYPD officers who passed away in the line of duty.

Ms. Shanley upon being contacted by attorneys for SOS in May 20 2018 attempted to pay back the monies that she obtained.

Ms. Shanley is a 69 year old woman who has never been arrested before and this is her first criminal conviction.

She is treated for hypertension, high cholesterol, high triglycerides and over active thyroid.

Since her conduct came to light, she has been prescribed Xanax and Paxil.

She herself is a surviving spouse of an NYPD officer who died of a heart attack while on duty.

She served as a volunteer and board member for SOS since the late 1990's.

She became treasurer, had check signing privileges, was given an American Express card for her expenses and for the most part did all the books and tax returns.

In 2005 she wanted to step down, but the President asked her to remain on the Board as Public Relations Director, where her primary purpose was network and fundraise, which she had been doing anyway as treasure.

Her primary purpose was to raise funds for SOS, which she did for over twenty (20) years.

As indicated in the Pre Sentence report the defendant has "suffered more that her fair share of misfortune, including (but not limited to) the abuse she suffered as a child, the untimely death of her first husband, and her son's struggles with drug addiction." Pre Sentence report page 23.

As she explained to the probation office, she came under financial problems with her son's drug use and arrests, as well as her daughter difficult divorce and raising her special needs grandchild.

That due to these issues and with the mistaken belief that she as a police widow was one of the people SOS was there to help, she did use funds from SOS for her family and sometimes herself over a eight year period.

She admitted this openly and accepted full responsibility.

Attached is a written statement from Lorraine Shanley, explaining her background and to try to show the court what she was going through.

This is not meant to be an excuse, just the reasons why she did what she did.

Attached to this memorandum are various character letters from family and friends.

They all indicate shock as the learned of the charges against the defendant since this is not the person they knew.

They mention the work she did for years for the SOS, the people she helped and the money she raised.

Her devotion to St. Pauls Chapel.

Being a devoted mother and grandmother.

A compassionate woman who was there for those who needed comfort for their own losses.

Letters from other women who lost their husbands and Lorraine was there for them.

She has taken full responsibility for her actions and regrets that it happened.

Is this a person who should be incarcerated?

The second consideration pursuant to 18 U.S.C. Section 3553(a) is the need for the sentence imposed to --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant;and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective matter.

It is respectfully submitted that sentencing Lorraine Shanley to a non incarceration sentence can still reflect the seriousness of the offense, respect for the law, and provide just punishment.

There are a number of decisions where courts have given notably less weight to the Sentencing Guidelines in recognition of the fact that older individuals, some as young as 40, are less likely to commit additional crimes. See United States v. Carmona-Rodriguez, No. 04CR667RWS, 2005 WL 840464 (S.D.N.Y. April 11, 2005); United States v. Hernandez, No. 03 CR 1257(RWS), 2005 WL 1242344 (S.D.N.Y. May 24, 2005); United States v. Nellum, No. 2:04-CR-30-PS, 2005 WL 300073 (N.D. Ind. February 3, 2005); and United States v. Phillips, 368 F. Supp. 2d 1259 (Dist. N.M. March 21, 2005). In United State v. Testerman, No. 1:06CR00004, 2006 WL 2513018 (W.D.Va. Aug. 31, 2006), the 79 year old defendant received three years of probation with four months of home detention rather than the twenty-seven to thirty-three months the Guidelines recommended for his charge of dealing in firearms. The court found that the sentence would "adequately deter" the defendant and others, in part, because of the defendant's "advanced age [and] his previous law-abiding life."

In considering the age of the defendant, several courts have gone beyond simply the issue of recidivism. Those courts recognize that elderly individuals are reaching the end of their lives and that a prison sentence of significant length has a much greater impact than it would on a younger individual. See United States v. Willis, 322 F. Supp. 2d at 83 ("a given sentence may be uniquely disproportionate to the elderly offender; elder criminals will lose a greater percentage of their lives than younger criminals and may suffer more from the same sentence"); and United States v. Jackson, 14 F. Supp. 2d at 1322 ("While the court is unable to predict defendant's life expectancy, based on his age and various infirmities it is clear that a thirty-three months sentence is more onerous for Paradies than for most defendants. In reality, the defendant's thirty-three months sentence may turn out to a life sentence.").

The harder issues may be whether a sentence without incarceration serves the more general concern of deterrence and fulfills the "need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."

To consider an individual's service and her long productive, law-abiding life cannot be said to undermine the need for deterrence, nor does it fail to reflect the seriousness of the offense.

Lorraine Shanley's life is ruined. Financially, with not only restitution but the forfeiture amount that will be imposed, she will more than likely lose her home or if not lose it, she will never be able to acquire any money from same upon its sale.

She will have a criminal record for the rest of her life.

Her reputation is ruined.

Does putting this 69 year old woman in jail in and of itself reflect the seriousness of the offense

or does not all the other aspects of this conviction and penalties impose emphasize the seriousness of said conviction?

As to deterrence, the principle of general deterrence is based on the absurd premise that prison sentences deter crime. This faulty conception has resulted in the mass incarceration of individuals in the United States.

> For the past 40 years, the United States has been engaged in a vast, costly social experiment. It has incarcerated a higher percentage of its people, and for a longer period, than any other democracy. In fact, with 5 percent of the world's population, the U.S. is home to 25 percent of its prisoners. There are five times as many people incarcerated today than there were in 1970. . . [The] archipelago of prisons and jails costs more than $80 billion annually — about equivalent to the budget of the federal Department of Education.

Dr. Oliver Roeder et al., *What Caused the Crime Decline*?, Brennan Center for Just., 22-23 (Feb. 12, 2015), *available at* https://www. brennancenter. org/publication/what- caused-crime-decline.

The condition of mass incarceration is especially troubling since there is no correlation between punishment and reductions in crime. *See id; see also* Gary Kleck and J.C. Barnes, *Deterrence and Macro-Level Perceptions of Punishment Risks: Is There a "Collective Wisdom"*?, 59 Crime & Delinquency 1006, 1031-33 (2013). Kleck and Barnes' study concludes:

> there is generally no significant association between perceptions of punishment levels and the actual levels of punishment that the criminal justice system achieves. This in turn implies that increases in punishment levels do not routinely reduce crime through general deterrence mechanisms, because the fundamental link between actual punishment levels and perceptions of punishment levels appears to be weak to nonexistent.

(*Id.* at 1031).

The United States Department of Justice agrees with the conclusion that incarcerating defendants is not an effective means of deterrence. *See* U.S. Dept. of Justice, Nat'l Inst. of

Justice, *Five Things About Deterrence* (July 2014). In fact, the Department of Justice finds that even increasing the severity of punishment does little to deter punishment. *See id.*.

As to deterrence, once again with all the financial penalties imposed and the felony conviction, do they not in and of themselves pose a deterrent to criminal conduct.

As to protecting the public from further crimes of the Defendant, there is nothing in this case that would cause this court to believe that Lorraine Shanley will commit another crime.

Finally there is nothing in the record that would indicate that the defendant needs educational or vocational training, medical care, or other correctional treatment in the most effective matter. Obviously it would be easier for Lorraine Shanley to continue her with her own doctors.

As to restitution, from the very first Lorraine Shanley wanted to attempt to repay SOS.

She took a mortgage out on her home and placed $190,000.00 towards restitution in her attorney's escrow account.

She even took a second mortgage out and has approximately $120,000.00 towards restitution or payment of taxes.

More importantly, now that the decision in United States v. Booker, 543 U.S. 220 (2005) has made the Guidelines advisory and the parsimony clause of 18 U.S.C. § 3553(a) the paramount consideration, the history and characteristics of LORRAINE SHANLEY show that a period of supervision that includes home detention is "sufficient but not greater necessary to comply with" the goals of sentencing.

Lorraine Shanley, therefore, requests this Court to impose just such a sentence.

## CONCLUSION

For these reasons, counsel respectfully requests that this Court consider a sentence of supervision with home detention. We submit that such a sentence is sufficient, but not greater than necessary, to comply with the punishment requirements of the Sentencing Reform Act. See 18 U.S.C. § 3553(a).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered by electronic transmission to the office of Assistant U. S. Attorney, BRETT KALIKOW, this January 2, 2020.

Respectfully Submitted,

CHRISTOPHER P. NALLEY
ATTORNEY FOR THE
DEFENDANT
432 Forest Avenue
Staten Island, NY
10301

DATED: January 2, 2020

HONORABLE SIDNEY H. STEIN

Please allow this brief statement to give you a better understanding as to the person I am and some background as to why I made this terrible mistake that has brought me before you and has ruined my life at this late stage.

I was born on June 15, 1950 to Jill Torre and Patrick Torre.

They were divorced when I was 10 months old. I never knew my father.

I had an older sister Patricia Torre-Rizzo

When my parents divorced we went to live with my grandparents from March 1951- 1954.

Mother remarried a John Tulloch and we moved to an apartment on Jersey Street, S.I.N.Y

1956 my mom had a daughter Alexandra.
1959 my mom had a son Bruce.

The relationship with my Step-father was extremely abusive (physical & mentally)

1961 at the age of eleven we relocated to a house on Crystal Avenue, Staten Island, NY.

I attended Markham Junior High School and graduated in 1966.

It was there that I met my future husband Thomas Shanley we were both 15 years old. I was a cheerleader and he was on the basketball team. We both went on to Port Richmond High School both graduating. He entered a four year Police Trainee Program and went on to become a Police Officer in 1972.

I worked on Wall Street for a Brokerage Firm Loeb, Rhoades & Co. on 40 Wall Street, from July 1969 until Sept 1971.

In Oct of 1971 I took the Civil Service Examine and was hired as an office Assistant for a Colonel (Heatherly) of the United States Army located at the Army Base in Fort Wadsworth, Staten Island.

Tommy was my first and only steady boyfriend, my mother was very strict and so I was happy that she allowed me to continue my relationship with him.

March 1971 we became engaged to be married.

October 1972 Tommy graduated from the Police Academy and became a Police-officer.

November 26, 1972 we were married. Tommy worked 3 jobs and I continued working at the Army base so that we could save for our own home.

Sept 1974 we purchased a house on Domain Street in Staten Island, and I was pregnant with my first child Alyssa.

Things were tight so I went back to work part-time at the Army base and my sister Pat watched my daughter.

January 1976 my husband's sister Beverly Shanley died from cancer at the age of 25.

June 1976 my husband's father died of a stroke at the age of 55.

March 1977 my grandmother who I lived with died of cancer at 76.

November 1978 my grandfather who I lived with died suddenly .

November 1978 I gave birth to my second child Thomas Jr. after suffering 3 miscarriages from an extremely stressful 2 years.

July 12, 1986. Tommy went to work for his last 4 to midnight shift before we were to leave for a family vacation in Lake George. Bags were packed the kids were super excited because they were each allowed to bring a friend along.

At around 6:00PM my sister Pat and I were in the living room talking when my doorbell rang and as I looked out my window I let out a cry there were 4 police cars in front of my house. I ran downstairs and as I opened the door and saw the very young police officer with his eyes very watery I knew that my husband was gone. But I begged for them to tell me it wasn't true. They told me that he had collapsed and that they tried relentlessly to revive him but he was already gone.

Unbeknownst to me was my six year old son Thomas sitting on top of the stairs his eyes wide open and his body starting to shake.

One of the NYPD officers picked him up and brought him to my neighbor's house, I didn't see him until that night and I know after many years later that it traumatized him and it would follow him in his later years.

My daughter Alyssa who was 10 years old came home from playing outside with her friends soon after, her loud screams still resonate in my mind till this day.

The funeral was all a blur as hundreds of cops came to pay their respects.

The one thing that I will always remember is when the Police Commissioner took my hand and promised that no matter what, the NYPD would be there always for whatever I needed whether it be financial or counseling for myself and my children.

I never forgot those words, which would come to haunt me in my future endeavors.

The weeks that followed were unbearable, my stepfather had died a few years earlier so my mom came to help me with my life and my children. I got down to 90 pounds I wasn't eating or sleeping and was in counseling and on a very strong antidepressant.

No sooner was I starting to get hold of my life when on a Saturday night months after Tommy's death my mom went out to dinner with her friends and had a massive Heart Attack at 61 years old.

My mom, who was never really sick, who stayed with me, who took care of my children was now also gone. So again, as the doorbell rang and on the other side were only 2 police officers this time, but with the same news my mom was gone.

The next few months my older sister came to stay with me with her 2 sons and her husband Al. I had a breakdown so she like my mom did everything until once again I was able to get back on my feet. I just could not understand how the two closest people to me had left within months of one another.

1988 My sister Pat had to relocate to Port St. Lucie Florida because her husband was very sick with asthma. (Another loss in my life).

1990's. I first started attending the SOS meetings as a means of support to help me cope with the loss of my husband. I would meet once a month along with other Police Widows who would share their loss as well.

1994 My son started using drugs. He was 16, he graduated high school in 1996.
He was employed in a Union Local 731. He also took a few civil service exams but failed the drug testing always testing positive. From then on his drug use continued into his 20's, 30's. He was arrested and sent to a rehab. I tried relentlessly to help sending him to therapy, & meetings.

After that he relapsed, was arrested again and was incarcerated for 3 years.

1996. I applied for a position at the College of Staten Island, and was hired as a College Assistant working for the Provost. I worked with many students helping them to declare their Major.

This was only a part-time position (4 hours per day) but it helped keep my sanity in place during these difficult times. I worked at the College for 13 years leaving in June of 2009.

Towards the late 90's I was asked by one of the Board Members of SOS to become board member as treasurer. I was given the check book and I was signee on the accounts.

I was also given an American express card and was told to use it for any expenses I had raising money.

I was told to furnish an office in my home since that was where I was working from.

I would pay money to widows to help them support themselves and their children.

Then around 2005 I requested to step down as Treasurer due to family obligations.

The President then asked if I would remain on the board as a Public Relations Director. I asked what that would entail and what my duties would be as a Public Relations Director.

She told me that my job would be to network and fundraising which I had already been doing other than being Treasurer.

I remained a signee, as well as being authorized in making decisions.

SOS was enrolled in the CMC (Combined Municipal Campaign). The funds that were received from the Campaign twice a year, were dispersed to each survivor and had to be dispersed by the end of the year.

I raised funds through contributions after speaking at the Police Academy of the future graduates of the NYPD.

I also spoke at Precincts throughout the 5 Burroughs, explaining to them how we as an organization are there for the families of the deceased officer.

During my time as a volunteer I would receive calls from widows, some of which I had never met who asked for my help, some needed help with catastrophic situations such as medical bills that superseded the Insurance benefits allowed.

Or the asked for financial assistance for their children's education.

2009` I was the Guardian for my mother's sister Cecilia Dini, who suffered with Alzheimer her husband died in 2001 leaving her with an adult son who was Schizophrenia. Before he died he asked me to take care of them they had no other family. I went with him to an attorney and I was appointed their guardian. My aunt entered a Nursing home in 2010 at which time she passed away. My son also returned home and was drug free for a year.

Taking care of my cousin was so very difficult he would have bouts of paranoia
I would get phone calls in the middle of the night from his neighbors. He was institutionalized on many occasions. This only occurred when he stopped his medication.

August 2012 I received a phone call that my sister Pat had passed away of a Heart Attack she was 62. I felt my life was spiraling out of control. During the day I was attending to my cousin and at night dealing with my son and his relapsing yet once again. My sister's death was so devastating and so sudden, just like all the others that left me so suddenly.

So now as I think about these family members my husband, my mom, & now my sister I felt thought what is happening my life.

No sooner as I arrived back from Florida for my sister's funeral, I received a frantic phone call from my daughter crying uncontrollably that her husband of 14 years told her he was leaving her. My daughter's husband left her after 14 years of marriage. They have 2 boys of which the older one has clinical depression and in a special school.

Her bills piled up and this time I had to be there for her just like my mom was for me. My daughter had to retain an attorney as her bills were accumulating because he refused to give her child support for the first few months. And she had a hefty mortgage to pay.

I helped her with Attorney's fees and also tried to keep some normalcy in my younger grandsons life. He had been in St Vincent Marty School and doing exceptionally well. So I continued to paid his tuition.

Some of these bills I paid from the SOS account, rationalizing that I was a widow of a police officer and this is what the money was suppose to be used for.

Oct 2013 my son's girlfriend of 9 years gave birth to a baby boy. My son's drug use continued and in May of 2014 he was involved in a horrific vehicle accident, in which I was being sued for 3 million dollars because everything was in my name,

Thomas was arrested once again and incarcerated.

Lawyers fees, Bail money. I did all this to try and get him help in a residential rehab facility rather than Jail.

While he was away I supported the baby paying for rent every month so that they wouldn't be left homeless. I purchased baby supplies formula, crib and a constant flow of miscellaneous things that were needed. I paid for his Dr. Visits as well. I took him home with me as much as possible to help raise him in a loving and secure environment.

As I received my Line of Duty Pension each month there was a need to still borrow because of everything going out to help my family. I started to fall way behind my own bills at this point. There were times that I used SOS funds to pay my personal bills.

December 16, 2016. My cousin who I had been taking care of now for nine years was admitted to the hospital with a Staph infection that he caught while hospitalized a few weeks prior.

I received a phone call on December 19 a week before Christmas at 2:00AM in the morning, telling me to come to the hospital because my cousin was not doing well. When I got there he was taking his last breath and passed away.

So now I had to plan his funeral one week before Christmas.

I would just like to sum up how my way of thinking was at the time of all the turmoil in my life.

With the issues with my daughter and my son and the financial burden it put on me I once again believed, whether it was justified or not, that I would be qualify for money from SOS.

With my son all I could think of was that he was going to die and, that one day I would get still another phone call telling me just that.

I just couldn't go through losing a husband and a son, I was so frightened I did things without thinking of any consequences and for this I'm so sorry, I found myself under so much financial pressure that I just didn't know who to turn to.

I realize my mistake was not clearing this with the other Board Members. I believe if I had gone to them and asked them for assistance they would have agreed to do so, but I did not do that, and I guess I will never know.

My life will never be the same again. I admit the mistakes that I have made I have been suffering every day for my actions.

I have tried to obtain all the money that I owe SOS. Presently I have $190,000.00 as well as approximately another $120,000.00 to pay toward restitution or taxes whatever the Court directs.

I can only move forward and learn from all of this and ask for an understanding of who I am and the good I have done and weigh same against the crime I committed in your decision as to my sentence.

Loran Shanley

LORRAINE SHANLEY

November 2019

Patrick E. Kelleher
3 Thistle Drive
Montgomery, NY. 12549

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, New York. 10007

TO: Honorable Sidney H. Stein

RE: United States
Vs
Lorraine Shanley

Dear Honorable Judge Stein:

**<u>Survivors of the Shield</u>**

An Organization of Police Officer Line of Duty Widows.

**<u>Mission Statement</u>**

To support families of fallen NYPD officers.

**<u>Board of Directors - Public Relations</u>**
Lorraine Shanley

By way of background. My name is Patrick E. Kelleher, Retired First Deputy Commissioner New York City Police Department. Upon retiring from Law Enforcement I was named Managing Director of Global Security for the firm Merrill Lynch.

In total, I spent 32 years with the NYPD and 9 years at Merrill Lynch. During the 32 year career with the NYPD, I served in numerous assignments throughout the city. The last 3 included Chief of Internal Affairs, Chief of Detectives, and 4 years as First Deputy Commissioner (the department's 2nd Highest Rank).

I write on behalf of Lorraine Shanley, a subject in your court. Succinctly stated, Lorraine is someone who is always there for others, giving of herself while putting personal needs aside. She is a person who understands tragedy and it's consequences because she has experienced them first hand. This is certainly the case in the death of her husband at such a young age (35) And the dark perils of drug addiction which have haunted her son. Rather than being consumed by grief and misfortune however, Lorraine found and cultivated a powerful forced dedicated to helping those placed in similar circumstances to her through no fault of their own. Without hesitation, I can state, Lorraine is, if not the most, than certainly one of the utmost caring, selfless people I have had the good fortune to work with and befriend. Her boundless energy, enthusiasm and positive attitude have supported countless members of the New York City Police Department and their families. She has been a role model for RAW Recruits through Chiefs.

Over the many years of my time in Policing, Bulletins announcing that another Law Enforcement family has been suddenly drafted into the dreaded corps of Survivors was not uncommon. The critical need for timely and ongoing assistance to those in mourning was paramount to their well being, short and long term. In spite of the common denominator surrounding the loss of an officer's life, each instance is unique and must be addressed as such. The Survivors's of the Shield were always a key element in any response. Lorraine Shanley, more often than not, took the lead for the organization. She was the face of SOS but more importantly it's heartbreak and soul! Whether it be at a hospital emergency room, Line of Duty Funeral (which I personally witnessed her presence) a Memorial Service or a simple holiday get together years later, it was always Lorraine who was there to lend her support and guidance and wisdom. Even though her family was going through such difficult and challenging times. Trying to bring normalcy to her special needs grandson, and help to raise her son's baby while he was going through addiction . The name Lorraine Shanley was synonymous with Survivors of the Shield. There was no separation between the two.

I have only touched briefly on the sudden death of Lorraine's husband Thomas. He was in fact, the love of her life. His death occurred while the couple were still practically newlyweds with 2 small children. Also absent is extensive mention of their son Thomas Jr. who has battled the nightmare of his dad's passing and the demons of drug abuse which followed in later years. In this struggle against narcotic dependence, Lorraine has stood side by side with Thomas throughout. She has given him strength and support as only Lorraine could. As noted, the above matters have not been brought up to any degree by the undersigned. I know others will do so in a far more comprehensive way than I am capable of doing. Rather I have chosen to try and paint Lorraine as I see her after 20 plus years of friendship. A friendship filled with admiration and respect for her. I hope, in some small way, I have accomplished this.

As you consider the facts awaiting Lorraine, I respectfully request that the entire portrait of her life be examined and weighed. The acts she has admitted to are unacceptable. I know

however, through observation and interaction that they are totally inconsistent with the incredible, worthwhile life she has led. Lorraine is truly remorseful I am sure your decision will be fair, just and equitable. I am also sure all those touched by her in a positive manner feel the same way.

In closing, please allow me to add, the love felt for Lorraine by so many came about the old fashion way.... "She Earned It".

Thank you your Honor, for your time and consideration.

Sincerely,

Patrick E. Kelleher

Bernadette Bennett

30458 Park Pavilion Way

Lewes, Delaware 19958

November 7, 2019

The Honorable Sidney H. Stein

United States District Judge

Southern District New York

40 Foley Square

New York, New York 10007

RE: Lorraine Shanley

Dear Judge Stein:

Your Honor, my name is Bernadette Bennett and I have been asked by the Shanley family to say a few words about Lorraine Shanley, who is before your court and due for sentencing on December 19, 2019.

I am a retired Lieutenant of the New York Police Department, and have been a family friend of Lorraine in excess of 25 years. The last eight months have been unfortunate and difficult not only for the Shanley family, many of whom are police officers, but for their friends as well.

Upon hearing about the circumstances of Lorraine's arrest, my first impression was disbelief. I knew this woman. She could not have done this, she would never do this. She was so very dedicated to the mission and purpose of The Survivors of the Shield. She worked for years helping widows, widowers, and their children recover from the tragedy of their loses. She made countless meetings and events on their behalf, regardless of weather conditions or personal inconvenience. She wanted to make a difference for them, and she did.

I must recount an instance that I personally observed. Some many years ago, maybe 20, I was attending a viewing for Sergeant Hugh Reilly, when I recognized Lorraine as she entered the room, alone, approached his widow Eileen, and with heartfelt concern, consoled her as if she knew her for many years. It was their first meeting. I was moved by the ease in which Lorraine approached this woman. It looked so natural. During her conversation with Eileen, I saw a sense of relief come over her. I do not know what words Lorraine spoke, but they obviously gave Eileen comfort and hope. Later I learned that Lorraine had explained to her that she was there representing The Survivors of the Shield, and that the organization was there for her and her grieving children. This is just one example of the encounters Lorraine had with the many police families she visited. Your Honor, she did this ALL the time. She did much good for these families, and did it for many years. She was a true believer in the mission. This is the woman I know, not the one described in the newspapers.

I can't explain why she did what she did. I do know that while caring for these families she herself was dealing with many difficulties of her own. A son who had profound problems with drugs and subsequent problems with law enforcement; a daughter who went through a tumultuous divorce, and a grandchild who suffered with serious behavioral problems. I can only guess that these personal problems contributed to the "break" she had from her normal behavior. Clouded her judgement.

Your Honor, I can only ask for your compassion when Lorraine appears before your court again for sentencing. Please don't let this terrible act overshadow all the good she has done.

Sincerely,

Bernadette Bennett

Bernadette Bennett

Lieutenant, Retired

3B Montauk Place
Staten Island, New York 10314
November 11, 2019

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, N. Y . 10007

Dear Honorable Judge Sidney H. Stein,
My name is Norma Ostraco, 1(718) 698-9094, and In 1992 I retired as a New York City Police Detective. I am aware of the charges against Mrs. Lorraine Shanly-Clinton. We have known each other for approximately 7 years, since we first met at the Pious Society St. Paul, 2187 Victory Boulevard, Staten Island NY., 1(718) 698-8390.

My friendship with Lorraine has been a constant and very positive one. She devotes much of her time and has done so for years to the St. Pauls chapel. Lorraine is a guardian and as such one of her many duties, is to sit for hours in St Pauls chapel to ensure the protection of all blessed holy statues from vandalism, assist others with questions they may have regarding religion, and to lead others in prayer.

When Mrs. Lorraine Shanly-Clinton is not at the St. Pauls Chapel, she is helping the nuns of the Sisters Disciple- the Divine, 60 Sunset Boulevard, Staten Island, NY 10314, 1(718)761-2323.

Her devotion to religion and prayer, does not hinder, nor prevents her from spending quality time with her adult children and grandchildren. she is an attentive and loving mother and grandmother. Your Honorable Judge Sidney H. Stein, in closing, I would like to say please consider the goodness and devotion of the 68 year old Lorraine Shanly-Clinton, and the negative impact on her family if she were to be sentenced to prison.

Respectfully
Norma Ostraco
Norma Ostraco

ST PAULS

ALBA HOUSE

Fr. Arcángel Cárdenas-Martínez
2187 Victory Boulevard
Staten island, NY 10314

November 12th, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Lorraine Shanley

Your Honor:

I am writing on behalf of Loraine Shanley.

I am Arcángel Cárdenas-Martínez, a Catholic Priest, member of the religious congregation Society of St. Paul, located at 2187 Victory Bld., Staten Island, NY 10314.

I have known Lorraine Shanley for about 5 years. I came to know her through her attendance at our religious service of the Holy Mass every Sunday which takes place in our chapel. In addition to her participation in our Sunday religious celebration, I have noticed that she has been devotedly involved to a Catholic payer group called Eucharistic Perpetual Adoration Chapel on Staten Island.

During this time, I have observed that she is of good character, respectful of others and helpful.

Yours sincerely,

Fr. Arcángel Cárdenas- Martinez

Honorable Judge Sydney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY. 10007

Dear Honorable Judge Stein:

I am writing to you to serve as a character reference and express my sincere support of Ms. Lorraine Shanley. I have known Lorraine as both a friend and neighbor for over 20 years. We first met shortly after I bought my home in Staten Island and her two dogs had escaped her backyard; ending up on my front lawn. An animal lover myself, I fell in love with her pets, and Lorraine as well.

My husband is a 25-year veteran of the NYPD. We've been married for over 17 years. Our life together Your Honor has not been easy. When I was 19 years old, I was diagnosed with breast cancer. Throughout much of my twenties, I bounced in and out of remission. I really don't have much family, Lorraine was a great emotional support to me during my battle with cancer. She would check on me often and there were several times she drove me to appointments for treatment. She would go food shopping for me as well. My husband has always worked the midnight shift and with no family nearby, Lorraine quickly became my family.

Of course, I lost my hair, my job and many of my friends. But Lorraine was always there. Meanwhile, I was to find our later on that she had gone through a very difficult time within her own family. She had already lost her husband, also an NYPD Officer at such a young age, leaving her with 2 small children to take care of. A year later she lost her mom, who was her strength and was helping her to muddle through her loss. Next she lost her sister who she also depended on as well. But she never complained to me, it was always how are you feeling, do you need anything?? Lorraine was never more than a phone call away and always willing to help me get where I needed to go so my husband could continue to work.

On January 3, 2012, I woke up and was unable to see. After going to the hospital and after many tests, I was told that the radiation had caused me to lose my sight.

I expect now by reading this letter, you have come to understand how Lorraine has been a true and compassionate friend to me. I love her so much and I have been deeply troubled by all that has happened over the last few months. I wish that I had known now, her many struggles that she was going through within her own family, but Lorraine never complained. Lorraine neglected her own obligations in order to help support her son's baby financially. She has expressed great remorse for her actions. She has shown genuine regret for all that has happened.

Lorraine is a woman that has always volunteered and strived to contribute to our Staten Island community. I am forever grateful to her for all she has done for both me

and my children during my battle. I know she has helped several other police families in her work with Survivors of the Shield and I am requesting you consider the "good" she has done when making your decision. In my heart, I know Lorraine is a beautiful person. I truly believe her wrongful actions represent an aberration that she will never repeat.

Lorraine Shanley has been through so much in her life; the death of her husband, her mother, her sister, her daughter's divorce, and her son's long-term addiction. And also trying to bring normalcy to her grandchildren that love her so much. Throughout it all, she has maintained a helpful and loving heart. I quite honestly cannot imagine my life without her. Please, use your judgment to exercise forgiveness to her. Allow her to be with the people who love, and truly depend on her.

Thank you, Your Honor, for taking these thoughts into consideration as you deliberate on the appropriate sentence.

Respectfully,

Mrs. Holly Bonner, MPA, MSW, MAPCC
Holly@blindmotherhood.com

Nov. 8. 2019

The Honorable Sidney H. Stein

United States District Judge Southern District of New York

Ref: Lorraine Shanley-Clinton

Your Honor, I am writing to you on behalf of Lorraine Shanley.

Lorraine and I reconnected a few years back after the passing of her sister, she and I both had a bond do to the fact we both were married to NYPD officers, both passing tragic,

mine was a highly decorated Detective with over 30 years on the department just prior to retirement he passed away from an accident. Lorraine has always been there to help support people in their time of need, including myself and my daughter being diagnosed with renal cell carcinoma and a removal of her kidney, Lorraine is a dedicated wife, mother and grandmother, who loves her family deeply, she herself has gone through major heartache in her life, and through it all she has been a devoted Christian and active in the church and community never losing faith.

I ask you your Honor Stein as her case will be presented

On December 19 2019 to consider the character of a person she truly is, may I make it perfectly clear, I do not condone what charges have been implicated she perpetrated in this case.

I humbly ask for mercy and forgiveness, with leniency in your decision on her day of sentencing.

Respectfully,

Jean Baldesarre

Jean Baldesarre

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

To: Honorable Sidney H. Stein

November 10, 2019

Re: United States v. Lorraine Shanley

Dear Honorable Judge Stein,

I have been a close friend of Lorraine's since we attended grammar school together, well over 50 years ago. We shared this friendship through Junior High School, High School and up to this very day. Lorraine has always been a thoughtful, loving friend. Her kindness and positive attitude has seen us through losses in our families and of our husbands whom we loved dearly. Our lives have taken many turns throughout the years but one constant remains, our strong and continued friendship.

Throughout her life, Lorraine has always taken care of her family. As a single Mom, she was resilient in every aspect of raising her children. She worked hard at being upbeat and not complaining about the new role she found herself in after her husband was taken from her. She moved forward with her life and was proud of her accomplishments. Family and friends could always depend on Lorraine to be there when times got rough.

I am hopeful that my input here will be interpreted as I intended - written words that share my heartfelt love for my very good friend. She is an individual whose character and good deeds have had a positive impact on my life and on the lives of many of our friends.

Sincerely,

Mary Lou Magliocca

Ms. Mary Lou Magliocca
9050 Palmas Grandes Blvd., #205
Bonita Springs, Florida 34135

To: The Honorable Sydney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

November 20, 2019

Re: Lorraine Shanley

Dear Judge Stein,

I am writing to you on behalf of Lorraine Shanley. She is a dear friend whom I have known since 5th grade. I am happy to write this letter to tell you about the Lorraine I know in the hope that the court will show leniency.

Lorraine has always been a loyal and giving friend. Throughout our school years and beyond Lorraine could always be depended on. She has been instrumental in keeping our high school friends in touch with each other.

Her life has not been easy - with the sudden and tragic death of her husband Tommy in 1986 Lorraine was forced to raise her two young children alone. Her primary support system consisting of her mom and older sister also vanished when they passed away within a few short years of Tommy's death.

Lorraine's priority has always been her family and she is a wonderful, supportive mother to her children. More recently as a grandmother Lorraine travels to New Jersey regularly to help care for her grandchildren.

Despite her hardships, Lorraine has remained a positive upbeat person. She has indeed reaffirmed her faith in God and has not allowed her circumstances to make her bitter. She attends mass regularly.

Lorraine's vivacious personality shines through her circumstances. Her openness and ability to listen and communicate clearly is what I'm sure made Lorraine so adept in her role in the non-profit organization Survivors of the Shield. She was able to help the wives & husbands of our fallen heroes because she understood their pain. Lorraine's willingness to spend many hours of her own time fundraising and meeting the needs of the families left behind speaks to her compassion for others.

In closing, I can confirm that Lorraine is a reliable decent person despite her recent difficulties. It is my sincere hope that the court take this letter into consideration and show leniency when sentencing.

Yours truly,

Susan Cavanagh
2166 Village Road
Sea Girt, New Jersey 08750

11/6/19

To The Honorable Judge
Sidney H. Stein:

I am writing this letter regarding my close friend, Lorraine Sharkey, from Staten Island, N.Y.

We have been friends for approx. 30 years.

Lorraine is always helping whenever needed. She is always willing to give her time and effort to help friends and family.

Lorraine and husband always open their home for relatives and friends when they need a place to stay.

For example, a mutual friend was having her husbands funeral arrangements in S.I. and would have to commute from New Jersey, daily, so Lorraine insisted she stay at her home.

Lorraine has a generous, big heart and is thoughtful and

caring and somehow took a wrong path along the way.

I respectfully and humbly ask the court to please, please show leniency to Lorraine Shanley on her upcoming court date.

Thank you so very much for your valuable time and consideration.

Sincerely,

Nancy Retzlaff

Nancy Retzlaff
54 Sandhurst St.
Manchester, N.J.
08759

Vivian Alteri
162 Manila Avenue
Staten Island, New York 10306

To: The Honorable Sidney H. Stein,

My name is Vivian Altieri and I have been friends with Ms. Lorraine Shanley for over 40 years. I am a retired NYC Department of Finance employee that has and will continue to stand by my life long friend Lorraine. Lorraine is a loving mother, grandmother and wife. She has endured a life full of hardships from a very early age. Lorraine's first husband Thomas passed away while protecting the City of New York as an NYPD Officer. He was just 35 years old leaving his wife and two small children.

Lorraine tried her best to raise her two children as a single parent. Her oldest daughter Alyssa attended Hofstra University graduating with honors. Then continuing on to get her Masters as a Speech Language Pathologist at Galladet University in Washington D.C. Alyssa went on to marry and has two young boys, her older one diagnosed with Clinical Depression and has had to attend Special schools. After 11 years of marriage her husband left her and once again Lorraine was there to help financially and mentally. Her daughter needed therapy which was out-of-pocket costs so ignoring her own finances she helped her daughter.

Thomas Jr. Lorraine's son is on a path to recovery and has a six year old son. Lorraine has been pitching in with his childcare, paying his school tuition and paid for his son's and his mother's rent for 4 years while her son dealt with his addiction. This all caught up with her and she was overwhelmed making poor decisions out of desperation, which she is truly sorry for.

Lorraine also worked for 13 years at the College of Staten Island as a College Assistant helping students in the Science, Letters and Society Dept. to become our future teachers. She worked Part-time just 4 hours a day but it helped her to cope, and it made her happy to be helping others. She left the college in June 2008 because it became too stressful trying to juggle her family and all the problems.

I ask you to please give much consideration to her future.

Best Regards,

Vivian Alteri

The Honorable Judge Sidney Stein:

I and my husband (now deceased) have known Lorraine Shanley for over 20 years. She is one of the most warmest and caring person I know.

My husband Phil who was a New York City Firefighter for over 20 years passed away last year due to complications post 911. He worked every day during that horrific time looking for the remains of his co-workers. I live in New Egypt, NJ and his viewing and funeral were all on Staten Island. I don't have much family, and Lorraine welcomed me (and my best buddy a German Shepard) into her home for the entire week of his passing. Without the friendship and generosity of Lorraine, I honestly don't think that I could have gotten through those very tough days of his funeral without her.

Lorraine's compassion and loving nature are a rarity in this life. I feel so very blessed to have been lucky enough to call Lorraine my closest friend.

Please consider leniency in making your decision, I and many others depend on Lorralne for her friendship and kindness to all.

Thank you for allowing me to write this letter on her behalf.

Sincerely,

JoAnn Quattrocchi

To: The Honorable Sydney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

November 20, 2019

Re: Lorraine Shanley

Dear Judge Stein,

I am writing to you on behalf of Lorraine Shanley. She is a dear friend whom I have known since 5th grade. I am happy to write this letter to tell you about the Lorraine I know in the hope that the court will show leniency.

Lorraine has always been a loyal and giving friend. Throughout our school years and beyond Lorraine could always be depended on. She has been instrumental in keeping our high school friends in touch with each other.

Her life has not been easy - with the sudden and tragic death of her husband Tommy in 1986 Lorraine was forced to raise her two young children alone. Her primary support system consisting of her mom and older sister also vanished when they passed away within a few short years of Tommy's death.

Lorraine's priority has always been her family and she is a wonderful, supportive mother to her children. More recently as a grandmother Lorraine travels to New Jersey regularly to help care for her grandchildren.

Despite her hardships, Lorraine has remained a positive upbeat person. She has indeed reaffirmed her faith in God and has not allowed her circumstances to make her bitter. She attends mass regularly.

Lorraine's vivacious personality shines through her circumstances. Her openness and ability to listen and communicate clearly is what I'm sure made Lorraine so adept in her role in the non-profit organization Survivors of the Shield. She was able to help the wives & husbands of our fallen heroes because she understood their pain. Lorraine's willingness to spend many hours of her own time fundraising and meeting the needs of the families left behind speaks to her compassion for others.

In closing, I can confirm that Lorraine is a reliable decent person despite her recent difficulties. It is my sincere hope that the court take this letter into consideration and show leniency when sentencing.

Yours truly,

Susan Cavanagh
2166 Village Road
Sea Girt, New Jersey 08750

Carol Olstad

3 Green Acres Drive • Hazlet, New Jersey 07730
Phone: 732-261-9920 • E-Mail: carol.olstad@gmail.com

November 7, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Lorraine Stanley Clinton

Dear Honorable Judge Stein:

Lorraine Shanley Clinton has been a close personal friend since Edwin Markham Junior High School in 1963. Our friendship blossomed while attending Port Richmond High School (class of 1969) and continues to the present. My husband and I also knew her high school sweetheart and deceased husband very well, New York City Police Officer Thomas ("Tommy") Shanley. In addition, in 2016 Lorraine and I traveled to Southern Italy together.

She and her family have experienced unbelievable heartache and grief with her husband Tommy's passing in 1986 – the love of her young life and the father of their two young children. Shortly after, she lost her mother and older sister, Patricia, who was the stabilizing presence to help her through Tommy's untimely passing.

My hope is the Court will come to know the Lorraine I know and love. Lorraine has always been a loyal and honest friend to me and our high school group – we all meet regularly fifty years after graduation. Lorraine's vibrant energy is infectious – she is the type of person who lights up a room. The times I spend with Lorraine are filled with laughter and warmth. Her heart is full of compassion and empathy for those around her. She was a cheerleader in school, as well as a cheerleader in my life. An example of her bigheartedness: every Christmas Lorraine bakes hundreds of assorted cookies and prepares and delivers personalized cookie tins for dozens of friends and family. During our travels in Italy, I also witnessed Lorraine's strong faith – at Lorraine's urging we visited each and every church we passed so she could light candles for her deceased husband and sister.

Her personal tragedies, gregarious personality, empathy and tireless energy made her the ideal candidate for the Survivors of the Shied press relations role – a role Lorraine was extremely proud to raise funds for and help families who have suffered tragic losses she knew all too well.

I am full of admiration and esteem that while this current situation has had a serious impact on both Lorraine's and her family's lives, it has not impacted her faith, but rather strengthened her faith. Lorraine often expresses to me how it is her unwavering faith and time spent with her family, her Priest, her church and her continued volunteer work that provides her the fortitude to face this challenge.

My ardent wish is that this letter presents the Court an understanding of the strong moral character of Lorraine Shanley Clinton and take into consideration her dedication, her contributions and devotion she had and continues to have for Survivors of the Shield, her community and her family.

Sincerely,

Carol Olstad

ELIZABETH D' ANTUONO
733 DAVIS AVENUE
STATEN ISLAND, NY. 10310

November 19, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

I am writing this letter on behalf of my dear friend and neighbor, Lorraine Shanley. My first introduction to Lorraine was about 22 years ago when my Mom was suffering from stage 4 lung cancer. Lorraine was my Mom's young vibrant neighbor and she became part of our family during those trying difficult days of pain, suffering and despair. Since I was a New York City teacher I did not have the luxury of looking after my Mom every day and Lorraine was my angel. My Mom's face would light up when the doorbell rang and Lorraine would visit. She lit up the room with her laughter, her smile and her positive attitude. I was impressed by her sense of self, her maturity and her altruistic behavior. These feelings have never changed.

Throughout those difficult days Lorraine and I became friends and I was happy to share my Mom with this wonderful lady with the happy face. It was much later on that I learned of Lorraine's heartaches and fears concerning her own family and children. Drug addiction touched Lorraine's family and made a devastating impact emotionally, physically and financially on her life. Lorraine has also endured many losses in her life. Losing her husband who was an NYPD Officer suddenly left a major impact on her life and her two young children. Then her support system which consisted of her Mom and sister, both passed away suddenly.
This left Lorraine in an extreme emotional state requiring her to seek professional help. We are all aware of the effects of substance abuse and the fallout that never seems to end. Lorraine languished under this burden and in hindsight she became introspective and even distanced herself from her friends. This was all done to protect her family. We mothers are aware that our children are our primary responsibility and thus we might redirect our good judgement and goals in order to help our children.

Lorraine has always been an advocate for the less fortunate and she personally grieved with NYPD widows throughout the years. She remains devout, forgiving and proactive. I realize the charges against Lorraine are grave but I feel there were years of mitigating circumstances that impacted her usual good judgement. Throughout these trying last few months I have maintained a good relationship with Lorraine. She is guided by her religion and accepts that she is curable. She has regrets and is truly remorseful for her past deeds. She acknowledges her faults and misdeeds and is trying to move forward and reclaim her life within the framework of her family. Unfortunately, Lorraine cannot reclaim the past but she is filled with grace, dignity and righteousness. Her utmost desire is to make amends and continue her roles as wife, mother, grandmother and friend.

I take the submission of this letter seriously and I hope that I have given some insight into the life of a beautiful woman in a very difficult situation.

Respectfully submitted,

Elizabeth D' Antuono

Dear Honorable Sidney H. Stein:

This letter reflects the type of person that my friend Lorraine Shanley is.

I have known Lorraine through Junior High School and High School; over 50 years. We were on the cheerleading squad together in Edwin Markham Junior High School when we became friends and remained good friends through High School Graduation from Port Richmond High School in 1969.

I know that Lorraine would do anything for anyone and go out of her way to help or assist someone in need. I have been to her house many times and have spent girls' weekends together down the Jersey shore with other high school girls. She is always pleasant and fun to be with you. She lights up a room when she enters and is very with her personal stories. I have enjoyed her company with many of my high school chums during our frequent reunions. I know she struggled through many personal problems, especially the death of husband and raising her children alone, but she managed to keep abreast and maintain a cheerful fascade. Lorraine is a very caring grandmother and individual. She has been a loyal person and friend through all the years I know her. She keeps her word and is an asset to my family life and to society. I will continue to be supportive of her and help her get through this difficult situation as best I can.

Should you require more detailed information, I can be reached on 347-844-3775; stella4024@hotmail.com.

Sincerely,
Stella Deacon

Honorable Judge Sydney H Stein
United States District Judge
Southern District of New York

Dear Honorable Judge Stein

My name is Timothy Clinton,the husband of Lorraine Shanley who will be standing before your court for sentencing.We have been married since 1995.When we married, Lorraine was a mom to her daughter Alyssa,19 years of age and her son Thomas age 15.I also had a son Sean age 9 from a previous marriage.She also is a loving grandmother to 5 grandchildren.

Throughout our years together Lorraine has always been a caretaker who would help anyone whether they be family, friends or someone in need.During this time she has been involved with the Survivors of the Shield organization who help and care for families who have lost their NYPD loved ones,herself becoming a widow after losing her NYPD officer husbandThomas Shanley in 1986.Her involvement with the SOS became more important over the years as she became a member of the board of the organization.Being a board member saw her perform many different functions which included fundraising, attending police events and memorials honoring fallen officers.There also was time she spent on mailings and paperwork at home.Much time was also spent consoling families who had lost a loved one This fully fit her personality as a true caretaker who has helped many people in her lifetime

Lorraine was also employed for many years at the College of Staten Island.She was a college assistant assigned to a professor that would entail counseling students whose career path were future school teachers.It was not uncommon for Lorraine to receive calls at home from students who needed assistance.She would listen patiently and schedule an appointment to try and solve their issues.

In our life together I've also been a witness to her caretaking of an elderly aunt who after losing her husband suffered physical and mental issues.Her aunt also had an adult son who also suffered mental issues and was a special needs person.Lorraine was their sole caretaker and spent many hours trying to fulfill there needs.This created much stress in her life and unfortunately they both passed over time.But Lorraine was by their side till the very end.To this day she has an elderly uncle who luckily is still very active and relatively healthy.She checks in with him daily and also sends meals a few times a week or has him to our house for dinner.

Like many families we have faced problems in our lives.For many years my stepson suffered from drug addition unfortunately, which eventually sent him to prison a few times. Before his last incarnation he became a father to a little boy while he was away, Lorraine tried to do as much as she could helping the mom and the baby to provide both emotionally and financial help. His son is now 6 years old and his dad his home, and hopefully, he can be the dad that his son needs.

My step-daughter who is a wonderful woman received a Masters Degree in Speech Language Pathology and married soon after, and is employed by Union County Education Department as a Speech Language Pathologist. She became a mother of two sons and resides in New Jersey. As the years went by her older son was diagnosed with Clinical Depression, which necessitated that he attend special schools and receive intense therapy. As time went by my stepdaughter's marriage dissolved when her husband moved out. This caused emotional and financial distress to my stepdaughter. Lorraine, again was there to lend support physically And financially. She tried to help as much as she could including, keeping her daughter's younger son, who was doing well, in the private school that he was attending at the time. Also helping with the expensive therapy that the older son needed

The Lorraine I know, would never make these decisions under normal circumstances, her reaction of trying to help her family had caused her thinking to become irrational. In trying to help with these problems, it kept putting more financial pressure on herself till it became out of control. In good faith we have refinanced our home, and in addition, taken out personal loan as well to try and make restitution.

I hope that my portrayal of Lorraine has given you the opportunity to see the real person that she is and loved by all.

Hopefully, you can find it in your heart and show leniency in her case.

Yours truly,

Timothy Clinton

Ellen Abbruzzese
25 Haines Ave.
Emerson, NJ 07630

November 6, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of NY
40 Foley Square
NY, NY 10007

Your Honor, my name is Ellen Abbruzzese, I am Lorraine Shanley cousin through marriage
For over 25 years. I am a Dental Hygienist for 40 years, reside in NJ with my family. Please accept
This character reference on behalf of my cousin, Lorraine Shanley

I am writing to urge leniency in the sentencing of my cousin, Lorraine Shanley. The woman I know, and love has been all about "FAMILY". I have always found Lorraine, to be extremely kind dependable and well regarded among her peers. Lorraine as a wife, mother, cousin, Aunt, grandmother and friend has dedicated her life to help others. She has dedicated her time as a charity worker for many years after the death of her former police officer husband. Don't forget the good she has done volunteering to help other families of NYPD officers killed in the line of duty. *Unfortunately, along the way her judgement was misguided. Her family means everything* to her! Under stress, we as humans make mistakes. I can tell you with out a doubt Lorraine is remorseful for her actions.

One example of Lorraine's character and kindness I will never forget is how compassionate she was when my Mom was stricken with cancer. She always made a point to reach out with a phone call or show up at my Moms door step with groceries. She was there for my Mom with out even asking. I am grateful for her loving kindness. She truly is a special person.

In closing, I am respectfully requesting the court to grant leniency in the sentencing of my dear, sweet, cousin, Lorraine Shanley . Please have compassion during this process. Thank you.

Respectfully,
Ellen Abbruzzese

James Clinton
200 Linden St S
Northfield, MN 55057

November 13th, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Lorraine Shanley's Character

Your Honor:

I am writing this to share with you my high regards, support and love for my Aunt Lorraine Shanley.

I've known Aunt Lorraine since my childhood, about 20 years ago, around the time she married my Uncle Timmy. Growing up and living in and around New Jersey until recently, my family and I would frequently visit her and the rest of my uncles, aunts, cousins and grandparents for holidays, birthdays, funerals and family reunions.

Over all the years I've known her, Aunt Lorraine has consistently been one of the most caring and positive people I know. At every gathering, she brings warmth to the room with her ability to welcome you and express her desire to know how you're doing. She has a genuine interest to learn about what excites you and encourages you to pursue what's most important to you. Her energy, kindness and willingness to help and sacrifice for others, especially her family, seems to be inexhaustible.

For me personally, someone who as a child tended to be introverted and antisocial at large family gatherings, she has been a role model for how to share and inspire warmth, inclusiveness and happiness among others. By watching her navigate our family reunions at Lake George each year, I not only learned how to act and share good towards others, but also why it's important to do so. For example, all the times my parents, grandparents, uncle and other relatives have lit up and enjoyed themselves simply by conversing and laughing with Aunt Lorraine as they sit around the dinner table eating chicken divan or lasagna and then playing Yahtzee, Trivial Pursuit or some other board game, are very fond moments of mine that have left a warm, positive and influential impression on me. Watching how she treats others continues have an impact on how I treat others to this day.

When I was young, it seemed straightforward enough that Aunt Lorraine was effortlessly happy, smiling, and energetic enough to follow along with any conversation topic you may decide to bring to her attention. As I grew up, I realized none of those traits come about automatically to any person, as we all encounter struggles throughout life that can drag on our ability to do our best and be good to one another. As I learned more about my family members, including Aunt Lorraine, it became clear that she is especially strong in the following regard: Life has given her and her closest family members their own share of various challenges over the years. In response, she has continuously provided unconditional support and has made many sacrifices with the aim of overcoming those challenges. Despite the drain that these tireless efforts must have had on her, she has never let down on being outwardly positive,

inspiring others to find happiness and still always finds the time to be there for someone when they need support, big or small.

I hope I've effectively conveyed to you that my Aunt Lorraine is a good person that cares enormously for her family. She has a large, extended family that loves her, supports her and appreciates all the goodness she brings to us.

Thank you for taking the time to read this letter and take my thoughts into consideration, Your Honor.

Sincerely,

James Clinton

Jill Marie McCormack
17 Edgemere Road
Lynnfield, MA 01940
413-519-1432

December 4, 2019

Honorable Sidney H. Stein
US District Judge
Southern District of New York
40 Foley Square
New York, New York

Re: Sentencing of Lorraine Shanley

Dear Judge Stein:

I am the niece of Lorraine Shanley and am an Occupational Therapist currently working as a Rehabilitation Liaison at Beth Israel Deaconess Medical Center in Boston, Massachusetts.

Mrs. Shanley has informed me of the charges that she is facing and in light of these circumstances I am more than happy, willing and eager to offer an endorsement of her good character.

I have known Lorraine for over 20 years and have always looked to her as a mentor and have admired her kindheartedness and dedication to her family, friends and the community. Over the years Lorraine has endured many personal tragedies and loss, including her son's long battle with addiction and her grandson's special needs. All of which most would not be able to overcome, however, Lorraine persevered. She has always put the needs of other's ahead of her own and as a mother now myself, it is something I look to and have strived to mimic. I can remember vividly while growing up watching Lorraine light up any room and offer words of comfort to those in need as well as lend a helping hand to any person, strangers included, at any given time.

Lorraine is an extremely spiritual person. She has made mistakes, in which are largely atypical of her normal character and in which she has been strongly regretful and remorseful. I genuinely believe and am confident that Lorraine is now and will forever focus on giving back in more ways than one to right this wrong. It is my sincere hope that the court takes this letter into consideration at the time of sentencing.

Sincerely,

Jill McCormack

Jill McCormack

*Stephanie Hubbs*
485 Ingram Ave.
Staten Island, NY 10314

November 20, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

To the Honorable Sidney H. Stein:

Re. *Lorraine Shanley Case*

I am writing you on behalf of Lorraine Shanley. Ms. Shanley has played a very important role in my life over the past fifteen years. She is my children's Grandmother and has been like a second mother to me. Ms. Shanley has made me feel like family since the day I met her. In the time that I have known her, Ms. Shanley has proven to be one of the most caring and loving people that I have ever met. I was both troubled and surprised when I first heard about the charges as she has always been an honest and giving person. I understand the seriousness of this matter however, I am hoping that the court will be able to show some leniency.

Ms. Shanley has always been an upright character in the community and is always willing to help whenever she is needed. During the past fifteen years, she has been nothing but loving and supportive, especially during the passing of my mother. Ms. Shanley made it a point to be there and show a significant amount of support to both me and my entire family. Ms. Shanley has always gone out of her way to make sure that her family had the support that they needed. It may be that Ms. Shanley's unconditional love for her family may have clouded her judgement, which lead to making an out of character impulsive decision. I know that there is no excuse that can justify her decision but, I truly believe that she is extremely remorseful for the choices that she made. Ms. Shanley has expressed a deep sense of remorse in making these poor decisions. I believe in her ability to accept responsibility for her actions and learn from her mistakes.

It is my sincere hope that the court takes this letter into consideration at the time of sentencing. Despite the current case, I still believe Ms. Shanley to be an honorable individual, a valuable member of the community, a loving wife, mother and grandmother, and an overall good human being.

Sincerely,

Stephanie Hubbs

***Sean Clinton***
485 Ingram Avenue
Staten Island, New York 10314

December 12, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New yok
40 Foley Square
New York, NY 10007

To the Honorable Sidney H. Stein:

Re: *Lorraine Shanley Case*

I am writing on behalf of Lorraine Shanley. Ms. Shanley has been part of my life for over 20 years. From the time that she came into my life, until today, she has been a Stepmother to me and the Grandmother of my two children. Ms. Shanley is compassionate, caring and family oriented. She has been there for me as a support system through many hard times, along with all the happy moments in my life.

When I learned of the charges against Ms. Shanley, it came as a huge shock. She has always been an asset to my family and the community. Whilst she has made poor choices, she has expressed to me how truly remorseful she is and will atone for her mistakes moving forward. I truly believe in her ability to accept responsibility for her actions and learn from her mistakes.

I hope that the court will take this letter into consideration and will be able to show some leniency toward her during sentencing. Ms. Shanley is a good person that has made an extremely bad choice. Our family was devastated upon hearing these charges but, we all know what a great person she is and are all willing to be there for her and support her during this difficult time. She has done so much good in her life and, despite these charges, is truly a good person.

Sincerely,

Sean Clinton

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Dear Judge Stein,

My purpose in writing to you today is to speak to the character of my aunt, Lorraine Shanley. Ever since I was a child Aunt Lorraine has been a constant and vibrant presence in my life. Throughout my childhood, my parents would often make the trip from New Jersey to Staten Island, myself and all of my siblings in tow, to visit her and my uncle. Though invariably their house would be filled with people when we got there Aunt Lorraine always took the time to talk with me and welcomed me as though I was the most esteemed visitor. And while I imagine many people felt this way at Aunt Lorraine's greeting, it was significant to me as I was usually the youngest child in a throng of people with little to say that would capture the attention of another less caring and empathetic adult.

Despite this feeling of supreme importance my aunt bestowed on me I was not the only child she cared for, having children of her own. Indeed, so caring and mindful Aunt Lorraine was as a mother that it was many years later before I learned that her and my uncle's family was a blended one. To her there was no difference between the children that my uncle had brought to the marriage and her own. Her affection and temperament towards each of them was always full of love, patience, and genuine concern for their wellbeing.

As time has passed these characteristics of Aunt Lorraine have not diminished, and even into my adult years she has remained paramount in what I consider to be a truly good, kind, and selfless individual.

Thank you for your time in reading this.

Sincerely,

Raymond C Clinton

Raymond Clinton

JoAnn del la Pena
202 First Avenue Apt 118
Atlantic Highlands, New Jersey. 07716

The Honorable Judge Sidney H. Stein
United States District Judge
Southern District of New York
New York, NY. 10007

Dear Judge Stein:

Lorraine Shanley is my cousin. While growing up Lorraine was a kind shoulder to lean on, a good listener and a very big influence on me. Still today Lorraine remains my confidant. She encourages myself and those around her to always stay positive no matter how difficult life can become. Lorraine has not had it easy through the years, and yet she never expressed all the turmoil and the struggles she was enduring. It was always how are you doing. Her family is so important to her and after losing her husband Tommy who was with the NYPD so suddenly, she tried relentlessly to bring some normalcy back in their lives. With the help of her Mom and Sister she was able to somewhat put back some of the pieces that were broken in her life. Then again, she had to face another family loss her mom died suddenly and a few years later her sister Patricia passed away.

My cousin has shown me how her determination and dedication to keeping those who depended on her feel safe and secure. Lorraine helps to raise her grandson and provides such an enormous amount of love to all of her grandchildren even while going through these difficult times.

Lorraine has deeply acknowledged to me how she regrets her poor judgement in her decisions and is truly sorry.

Your Honor I ask if you would consider leniency while considering your decision for Lorraine.

Sincerely,

JoAnn De La Pena

JoAnn del la Pena

+

November 3, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Your Honor:

I am sending this letter on behalf of Lorraine Shanley who is awaiting sentencing. I have known Lorraine for just about 20 years. She is my husband's sister-in-law. I love Lorraine, dearly, as does our whole family. I implore you to please show merciful consideration for Lorraine as you consider the sentence you will give her.

My first impression of Lorraine when I met her years ago was that she is one of the kindest, most thoughtful people I had ever met. This impression has not changed over the years and, in fact, as I got to know her better, that impression has deepened. Lorraine has always treated me, my husband and children with the utmost love and care.

Even more than the care she shows to my family is the great dedication and love that she has for her own family. As a loving mother, she has stood by her children despite some very difficult situations. In addition, her grandchildren are everything to her; she is a dedicated and loving grandmother.

Please, Judge Stein, please don't send Lorraine to jail. Lorraine could do a lot of good if she were given community service as a sentence. She is definitely a very good person who made a bad decision which was motivated by love, I believe. Please show compassion for Lorraine. Thank you.

Peace & blessings,

Mary Clinton
106 Hatfield Court
Toms River, NJ 08757

MARGARET A. LATESTA
2413 ORANGEBURG PLACE
HENDERSON, N.V 89044
CELL - 201-803-7338

THE HONORABLE SIDNEY H. STEIN
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK
40 FOLEY SQUARE
NEW YORK, N.Y. 10007

DEAR HONORABLE SIDNEY STEIN,

I WOULD LIKE TO INTRODUCE MYSELF. MY NAME IS MARGARET LATESTA I AM THE COUSIN OF LORRAINE SHANLEY BY MARRAIGE. I AM WRITING THIS LETTER ON BEHALF OF LORRAINE SHANLEY.

I WOULD LIKE YOU TO KNOW SHE HAS BEEN A MAJOR PART OF OUR FAMILY, SINCE SHE MARRIED MY COUSIN, TIMOTHY CLINTON 35 YEARS AGO. SHE IS A DEVOUT CATHOLIC WIDOWER OF A NYC POLICE SARGEANT AND THE MOTHER OF TWO CHILDREN PLUS GRAND-CHILDREN. SHE IS THE SISTER OF A NEW YORK POLICEMAN AS WELL.

SHE IS A KIND, GENEROUS AND A LOVING PERSON. SHE WORKED TIRED-LESSLY FOR STATEN ISLAND COMMUNITY COLLEGE AND VOLUNTEERED NUMEROUS HOURS FOR THE NEW YORK CITY POLICE DEPARTMENT.

PLEASE YOUR HONOR, ANY POSITIVE CONSIDERATION IN THIS MATTER WOULD BE GREATLY APPRECIATED. THANK YOU.

SINCERELY,
Margaret Latona

November 15, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Your Honor:

I am sending this letter on behalf of Lorraine Shanley, my sister-in-law of 24 years.

The first thing that struck me upon meeting Lorraine was the story of her husband's tragic death. Lorraine had become a single mother of two young children overnight. I really admired her story of raising her children alone after suffering this sad and devastating loss. She never complained about those years but only spoke of her great love for her children.

Now, as the wife of my brother, I can only say what a loving and caring wife she is, and how much happiness she has brought to him and to our whole family. My own children think of Aunt Lorraine with great fondness. Lorraine has always shown interest in their lives and has been a positive influence on them.

I hope this letter provides some insight into her good character and loving nature.

Sincerely,

Donald Clinton
106 Hatfield Court
Toms River, NJ 08757

John Clinton
345 E 56th St. #11k
New York, NY 10022

November 12, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: U.S. v. Lorraine Shanley

Your Honor:

I am writing this letter in support of my aunt, Lorraine Shanley.

I was only a kid when Aunt Lorraine married my Uncle Timmy, so she has basically been a part of my extended family about as long as I can remember. She has always been a warm and welcome fixture at family events – birthdays, graduation parties, reunions around the holidays, etc. – Aunt Lorraine brings a smiling, positive, laughter-inducing vibe to the group.

One of my strongest memories of Aunt Lorraine is our connection to music. We are both big fans of Billy Joel – and I grew up playing the piano. Aunt Lorraine would always be the first to ask me about how things were going with my music pursuits and what Billy Joel I was learning to play lately – it was something that really encouraged me to stick with it when I was younger. It meant a lot to me that, even though we didn't see each other too often, she always remembered my musical interests and cared enough to ask about it with great enthusiasm and support.

My impression has been that Aunt Lorraine brings that same warmth and care to everything she does – but above all, in support of her own family – she puts them above all else. From what I would imagine, she has dedicated a lot of her time and energy to caring for them, and has played a vital role in holding them together through several difficult circumstances over the years. Through it all, Aunt Lorraine has managed to maintain her outward-facing, positive energy – and that's how I've always known her – as a shining, welcoming presence to be around.

Thank you very much for your consideration of this letter.

John Clinton

Mrs. & Mrs. Dennis Schneider
24 Iroquois Drive
Parlin, NJ 08859

November 7, 2019

The Honorable Sidney H. Stein
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

To the Honorable Sidney H. Stein:

Re. *Lorraine Shanley Case*

We are writing on behalf of Lorraine Shanley. Ms. Shanley is our sister-in-law. We also consider her to be a good friend of over twenty five years. In that time she has generally been proven to be of a fine and responsible character as well as a deeply spiritual person. Ms. Shanley is known to be a devoted wife, mother, and grandmother. As a reliable member of the community, the current charges against Ms. Shanley were quite unexpected.

We know that Ms. Shanley is deeply aware of the serious lack of judgment she exhibited and is remorseful and has a strong desire to address the personal issues that lie at the heart of the matter. We are aware of some personal difficulties in Ms. Shanley's life, principally driven by her son's addictions and by the special needs of her grandson. This must have overwhelmed her and severely compromised her ability to deal properly with life. We believe that Ms. Shanley has every intention of finding appropriate ways to deal with life's difficulties, whether through counseling or otherwise. Ms. Shanley has always been a strong personality with a desire for self-improvement. Regardless of the challenges she will face, we have every confidence that Lorraine will develop the skill needed to avoid making such poor decisions in the future. We have no doubt that Ms. Shanley will take full advantage of the counseling she is receiving and will be on to, once again, being a solid, upstanding figure in her community.

Ms. Shanley has thus far shown a steadfast and resolute demeanor in moving past her mistakes in a constructive and successful manner. It is our hope that this letter regarding Lorraine Shanley and her case will act as a positive and contributing factor when the court considers this matter.

Sincerely,

Dennis Schneider
J.D. New York University School of Law, 1980

Sincerely,

Eileen Schneider

November 15, 2019

80 Bay Street Landing, 7A
Staten Island, NY 10301

The Honorable Sidney H Stein
United States District Judge
Southern District of NY
40 Foley Square
New York, NY 10007

Dear Judge:

I am writing to you about Lorraine Shanley who is appearing before you for sentencing.

Let me introduce myself. My name Gerald Sorgente and I am a retired Chief Engineer who worked for NY State and City for 45 years. I was born and raised in Staten Island and now reside at Bay Street Landing where I serve on the Condo Board.

Lorraine is married to one of my best friends Timmy Clinton and I have known her for over 30 years. I know her to be a dedicated mother, grandmother and wife. She was always giving of her time and efford to her volunteer

work with the Survivors of the Shield organization. Since meeting Lorraine I have seen first hand the torture and anguish that she has endured because of her son Thomas' troubles with the law. It is a visceral reaction for a mother to do everything and anything in her power to try and help one of her children that is in trouble. I am sure that is what started Lorraine's troubles. Overwhelmed with legal fees she saw a temporary solution as the only way out and somehow got caught up in it.

With all due respect I am asking you to please show leniency when sentencing Lorraine. Thank you for your time and consideration in this matter.

Sincerely,

Gerald Sorgente

PSC 824 BOX 719
FPO AE 09623
November 4, 2019

Honorable Sidney H. Stein
US District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Stein:

The purpose of this letter is to speak on behalf of my sister-in-law, Lorraine Shanley, who is facing sentencing in your court on December 19, 2019.

I have known Lorraine for over 25 years, and have constantly admired her kindheartedness. She is a deeply spiritual person who has always been loving and caring to those around her. There is no woman who is more devoted to her children and grandchildren than Lorraine.

Over the years, Lorraine has faced many challenges within her immediate family, including death, drug addiction, divorce and mental illness. She has been able to persevere through these hardships, easing their effects on others; never thinking of herself. In addition, Lorraine has always been available to anyone seeking her help. She has been very genuine in this regard, and my daughters and I are very grateful. Lorraine is dependable, and has always been relied upon for the care of her grandchildren. She has been an endless support for her son, who has had a long history of addiction.

My sister-in-law, Lorraine has brought so much love to our family over the past 25 years. More importantly, she has served others around her and I know she will continue to do so in the future. Please allow her the opportunity to demonstrate that her contributions can surpass the wrongdoing that has led to this sentencing. I am respectfully requesting leniency for Lorraine Shanley. She has been nothing short of a role model up to this point in her life, and I know that she has been suffering on a daily basis due to her remorse.

Thank you for your time and consideration.

Respectfully,

Anne Marie Politi

Anne Marie Politi